147 So. 623

### In re OPINIONS OF THE JUSTICES.

### In re INCOME TAX AMENDMENT.

### No. 24.

Supreme Court of Alabama.

April 3, 1933.

Question propounded by the Senate to the Justices of the Supreme Court, under section 10290, Code 1923.

Question answered.

#### Senate Resolution.

S. R. 55.

Be it resolved by the Senate of Alabama as follows:

1. That the Justices of the Supreme Court of Alabama be requested to give to the Senate their opinion on the following important constitutional question:

The House of Representatives passed an act proposing an amendment to the Constitution in the form hereto attached and marked "Exhibit A" and sent the same to the Senate for its action. In this act the proposed amendment shown in section 1 differs materially from the provision for the ballot shown in section 3. If the Senate votes to submit the proposed amendment and passes the act just as it was passed by the House, will it be legal and will the secretary of state have authority under section 285 of the Constitution to prepare the ballot setting out the substance of the amendment as shown in section 1, or will the act be void because of variance between section 1 and section 3?

The following is the proposed act:

"H. 53. By Mr. Goodwyn.

"A Bill To be entitled An Act to propose an amendment to the Constitution of Alabama to be known as 'Article XXII,' authorizing the Legislature to levy an income tax for the calendar year, 1933, and for each year thereafter; to prescribe maximum rate of said income tax; to provide minimum exemptions; to provide that income shall not be considered property for tax purposes and to provide that the Legislature shall reduce the ad valorem tax when the revenue derived from an income tax will justify.

"Be It Enacted by the Legislature of Alabama:

"Section 1. The following amendment to the Constitution of the State of Alabama is hereby proposed and an election is hereby ordered by the qualified electors of the State of Alabama upon the proposed amendment and the day hereby appointed for such election is on the first Tuesday after three months from the final adjournment of this Legislature, this date being not less than three months after the final adjournment of the session of the Legislature at which this amendment is proposed. The proposed amendment is as follows:

"Article XXII. The Legislature shall have the power to levy and collect taxes for State purposes on net incomes · from whatever source derived within this State, including the incomes derived from salaries, fees and compensation paid from the State, County, Municipality, and any agency or creature thereof, for the calendar year, 1933, and thereafter and to designate and define the incomes to be taxed and to fix the rates of taxes provided that the rate shall not exceed 5 percent nor 3 percent on corporations. . Income shall not be deemed property for purposes of ad valorem taxes. From net income an exemption of not less than Fifteen Hundred Dollars ($1500.00) shall be allowed to unmarried persons and an exemption of not less than Three Thousand Dollars ($3000.00) shall be allowed to the head of a family, provided that only one exemption shall be allowed to husband and wife where they are living together and make separate returns for income tax. An exemption of not less than Three Hundred Dollars ($300.00) shall be allowed for each dependant member of the family of an income tax payer under the age of 18 years. The Legislature shall reduce the ad valorem tax from time to time when and to such an amount as the revenue derived from the income tax will justify. In the event the Legislature levies an income tax, such tax must be levied upon the salaries, incomes, fees, or other compensation of State, County and Municipal Officers and employees, on the same basis as such income taxes are levied upon other persons. All income derived from such tax shall be held in trust for the payment of the floating debt of Alabama until all debts due on Oct. 1st, 1932 are paid and thereafter used exclusively for the reduction of State ad valorem taxes.

"Section 2. Notice of the election hereby ordered, together with the amendment hereby proposed, shall be given by proclamation of the Governor, which shall be published in one newspaper in every county in the State, once a week for at least eight successive weeks next preceding the day hereby appointed for such election.

"Section 3. At the election hereby ordered to be held as herein provided, the qualified electors shall vote on such proposed amendment and on the official ballot provided for such election there shall be printed the following, viz:

"Shall the following be adopted as an Amendment to the Constitution of Alabama?

"Article XXII. The Legislature shall have the power to levy and collect taxes for State purposes on net incomes from whatever source derived within this State, including the incomes derived from salaries, fees and compensation paid from the State, County, Municipality, and any agency or creature thereof, for the calendar year, 1933, and thereafter and to designate and define the incomes to be taxed and to fix the rates of taxes provided that the rate shall not exceed ten percent (10%). Income shall not be deemed property for purposes of ad valorem taxes. From net income an exemption of not less than Fifteen Hundred Dollars ($1,500.00) shall be allowed to unmarried persons and an exemption of not less than Three Thousand Dollars ($3,000.00) shall be allowed to the head of a family, provided that only one exemption shall be allowed to husband and wife where they are living together and make separate returns for income tax. An exemption of not less than Three Hundred Dollars ($300.00) shall be allowed for each dependant member of the family of an income tax payer under the age of 18 years. The Legislature shall reduce the ad valorem tax from time to time when and to such an amount as the revenue derived from the income tax will justify. In the event the Legislature levies an income tax, such tax must be levied upon the salaries, incomes, fees, or other compensation of State, County and Municipal Officers and employees, on the same basis as such income taxes are levied upon other persons. (Yes ———) (No ———).

"Section 4. The officers to hold the said election shall be appointed and shall hold the election as provided by law for general elections held in the State of Alabama.

"Section 5. The votes cast at such election shall be canvassed, tabulated and returns thereof be made to the Secretary of State and counted in the same manner as in elections for representatives to the Legislature; and if it shall thereupon appear that a majority of the qualified electors who voted at such election upon the proposed amendment voted in favor of the same, such amendment shall be valid to all intents and purposes as a part of the Constitution of the State of Alabama. The result of such election shall be made known by a proclamation of the Governor."

Response of the Justices.

To the Senate of Alabama:

Replying to your resolution No. 55, asking an opinion as to House Bill No. 53 proposing Amendment No. XXII to the Constitution of 1901, will say:

There is a glaring conflict between the rate of the income tax as proposed by section 1 of

the act and that required to be set out in the notice as provided by section 3, and which indicates an oversight on the part of the House in the adoption of same. Section 1, however, conforms with section 284 of the Constitution in fixing and prescribing the amendment and the rate so fixed must prevail over that set out in section 3 which was unauthorized by section 285 of the Constitution, and should be disregarded as surplusage in the preparation of the ballot.

While section 285 provides for the form of the ballot and the placing on same certain matter following the substance of the proposed amendment, it does not provide that the amendment be set out in hæc verba, but that the "substance or subject matter of each proposed amendment shall be so printed that the nature thereof shall be clearly indicated." Therefore the attempt of the Legislature to require to be printed on the ballot matter at variance with the proposed amendment is unauthorized and violates section 285 and should be disregarded in the preparation of the ballot which should contain the substance or subject-matter of the amendment proposed by section 1 of the act. Jones et al. v. Mc-Dade, 200 Ala. 230, 75 So. 988.

We do not think that this abortive attempt to place erroneous matter upon the ballot will affect or destroy the amendment, provided the ballot as prepared complies with section 285.

Respectfully,

JOHN C. ANDERSON,
Chief Justice.
LUCIEN D. GARDNER,
WM. H. THOMAS,
VIRGIL BOULDIN,
JOEL B. BROWN,
A. B. FOSTER,
THOMAS E. KNIGHT,
Associate Justices.